# United States Court of Appeals
## For the First Circuit

05-00107 USDC-RIPR J. Smith CR 05-30S

No. 06-1899

UNITED STATES,

Appellee,

v.

JUAN CARLOS FRANCO-GUERRERO,

Defendant, Appellant.

Before

Torruella, Circuit Judge,
Selya, Senior Circuit Judge,
and Lynch, Circuit Judge.

JUDGMENT

Entered: January 24, 2007

After a thorough review of the record and of the parties' submissions, we affirm.

The appellant's challenge to the court's refusal to give him the benefit of the safety valve fails. The sentencing court did not misinterpret the requirement in U.S.S.G. § 5C1.2(a)(5) that appellant Juan Carlos Franco-Guerrero ("Franco") provide a truthful and complete disclosure, nor did the court require Franco to disclose facts not known to him. Rather, the court concluded, as a factual matter, that Franco had withheld information actually known to him and that, therefore, he had not made a truthful and complete disclosure as required under the safety valve. This court may not set aside this factual finding in the absence of clear error, and we see none.

Nor did the court defer to the government's conclusions by judging Franco's plea for safety valve protection under the standard applicable to motions under U.S.S.G. § 5K1.1. Taken as a whole, it is clear that the court's statements indicate no deference to the government's view of Franco's statements during the safety valve debriefing. The sentencing court examined the evidence independently of the government and concluded, on its own, that Franco had not made a truthful and complete disclosure.

Franco's challenge to the reasonableness of his sentence also fails. Franco's attorney told the sentencing court that he was not asking for a sentence below 70 months, noting that to do so would free the government, under the terms of the plea agreement, to request a sentence up to the statutory maximum. This statement may constitute a waiver of his argument that he should have received a sentence less than 70 months. See United States v. Serrano-Beauvaix, 400 F.3d 50, 54 (1st Cir.), cert. denied, 126 S. Ct. 106 (2005). Even if this does not constitute a waiver, the claim is forfeited for failure to raise it below, so review is for plain error only, and we see none. The court did not apply a presumption of reasonableness to the guideline sentencing range. Rather than slighting the factors set out in 18 U.S.C. § 3553(a), the court took account of the need for the sentence to promote respect for the law (including the need to speak truthfully during a safety valve debriefing), see id. § 3553(a)(2)(A), to afford adequate deterrence (to others who might try to take advantage of the safety valve by providing untruthful and incomplete information during debriefing), see id. § 3553(a)(2)(B), and the need to avoid unwarranted sentence disparities, see id. § 3553(a)(6). Indeed, the court here carefully weighed each of the factors set out in subsection 3553(a) and gave a reasoned explanation for its decision. That decision is a plausible one. We see nothing here that would cause us to override that decision, especially upon plain error review. See United States v. Jimenez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc)).

Franco also complains that the sentencing court did not consider whether a 70-month sentence was no higher than necessary to achieve the statutory goals of sentencing. See 18 U.S.C. § 3553(a). But, the 70-month sentence was within the guideline range, and "[i]t will be the rare case in which a within-the-range sentence can be found to transgress the parsimony principle." United States v. Turbides-Leonardo, 468 F.3d 34, 41 (1st Cir. 2006). The court discussed each of the 3553(a) factors and explained why, in its opinion, it could not give a sentence less than 70-months in light of the statutory goals. This was sufficient.

Affirmed. See 1st Cir. R. 27.0(c).

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: ____________________

Chief Deputy Clerk.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

[signature]

Deputy Clerk

Date: 2/14/07

[ cc: Adi Goldstein, AUSA, Donald Lockhart, AUSA, George Joseph West, Esq ]